IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| TAS DISTRIBUTING COMPANY, INC.,  )<br>  )<br>Plaintiffs,  )<br>  )<br>vs.  )<br>  )<br>CUMMINS INC.,  )<br>  )<br>Defendant.  )<br>  )<br>  ) | Case No. 07-1141 |

**CUMMINS INC.'S OPPOSITION TO TAS DISTRIBUTING COMPANY, INC.'S
MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Defendant Cummins Inc. ("Cummins") hereby submits its Opposition to Plaintiff TAS Distributing Company, Inc.'s ("TAS") Motion to Strike Affirmative Defenses (the "Motion"). In response, Cummins states as follows:

**INTRODUCTION**

At the heart of Cummins' affirmative defenses is TAS' inexcusable delay in pursuing its claims despite the parties' more than ten years of history and a prior lawsuit involving similar issues. The parties' relationship arises from a series of agreements dating back to 1997 involving the licensing of certain engine technology. In 2003, TAS sued Cummins for breach of contract regarding the same agreements that are at issue in the instant suit. Despite the fact that the very Cummins engines that TAS complains about in this suit have been on the market for more than 10 years and the prior lawsuit concerned TAS' claim that Cummins failed to use reasonable efforts to sell engines falling within the scope of the agreements, TAS did not bring the instant suit until May 2007.

Cummins' affirmative defenses—namely, laches, waiver, estoppel, *res judicata*, and collateral estoppel—are thus are self-evident.  At a minimum, TAS is on constructive notice of the nature of Cummins' affirmative defenses based on the allegations in Cummins' Answer, the language of the agreements giving rise to the dispute, and the prior 2003 lawsuit involving those same agreements.  TAS' claim that it is not on fair notice of the nature of Cummins' affirmative defenses is, at best, disingenuous.

The Motion should be denied for at least four reasons.  First, motions to strike affirmative defenses are disfavored by courts and should only be granted when the asserted defenses cannot succeed under any circumstances.  Second, the Federal Rules of Civil Procedure only require notice pleading—a standard that is satisfied if the plaintiff is generally on notice of the nature of the claimed defense.  Third, Cummins' affirmative defenses are supported by reasonable inferences drawn from the parties' commercial relationship, the agreements, the prior lawsuit, the Complaint and exhibits thereto, and Cummins' Answer.  Finally, Cummins is not required to plead detailed factual support for its affirmative defenses at this early stage of the litigation before any discovery has been taken and where TAS is in possession of information that is pertinent to the defenses.  Accordingly, for the reasons discussed in more detail below, the Court should deny TAS' Motion in its entirety.

**BACKGROUND**

This dispute is based on a series of agreements dating back to 1997 which govern the commercial relationship between the parties, namely, the Master Agreement, the License Agreement, and the Consulting Services Agreement (collectively, the "Agreements").  (*See* Complaint, Docket No. 1, Exhibits A, B, and C).  The parties executed the Agreements on or about February 22, 1997 and amended them through a First Amendment on or about June 3, 1998.  (*Id.* at Exhibit D).

In 2003, TAS filed a complaint against Cummins for breach of the License Agreement in this Court styled as *TAS Distributing Company, Inc. v. Cummins Engine Company, Inc.*, Case No. 03-1026 ("the 2003 Case") (Complaint, Docket No. 1, Exhibit E). The 2003 Case was based, *inter alia*, on a provision[1] requiring Cummins to "make all reasonable efforts" to market and sell products resulting in royalty payments to TAS. (*Id.*) During the course of discovery in the 2003 Case, TAS gained knowledge about the technology incorporated into various Cummins engine products. The Court rejected TAS' argument that Cummins breached the License Agreement and granted summary judgment to Cummins on this issue in an order dated January 21, 2005. (*Id.* at Exhibit F). This decision was affirmed on appeal by the Seventh Circuit. *TAS Distributing Company, Inc. v. Cummins Engine Company, Inc.*, Case No. 05-1371, 2007 WL 1704114 (7th Cir., June 14, 2007).

By the instant Complaint, TAS now belatedly claims that Cummins' ISX and ISM engines incorporate TAS' Temp-A-Stop technology, and thus fall within the scope of the License Agreement. (Docket No. 1 at ¶¶ 31-37). Section 3(c) of the License Agreement (as amended) grants Cummins the following rights:

> Subject to the reservations, retentions, and limitations set forth in Section 19 of the Master Agreement and in this Section 3 of the License Agreement, **TAS grants to [Cummins] a non-exclusive worldwide license to the Temp-A-Stop patent known as U.S. Patent No. 5,222,469 and any foreign equivalents (the 'Temp-A-Stop Patent')** for the life of such patent solely to make, have made, use, and sell systems based upon the Temp-A-Stop Patent solely on Cummins branded engines that are either manufactured or sold by Cummins or any of the Cummins Subsidiaries. Notwithstanding the above, TAS reserves the sole and exclusive right to grant to any and all third parties non-exclusive licenses to the Temp-A-Stop Patent for any purpose.

---

[1] Section 6(f) of the License Agreement states that "Licensee shall make all reasonable efforts to market and sell ECM Products and Retrofit Products so as to maximize the payment of royalties to Licensor under this License Agreement." (Complaint, Docket No. 1, Exhibit B, p. 5).

(*Id.* at Exhibit D, p. 3) (emphasis added).  The License Agreement thus expressly defines the scope of the license to the "Temp-A-Stop" technology as the '469 Patent (or the "Temp-A-Stop Patent").  (*Id.*)  The '469 Patent issued on June 29, 1993.

Cummins' ISX and ISM engines have been on the market since at least as early as 1997 when the License Agreement was executed by Cummins and TAS.  The ISX and ISM engines do not incorporate the Temp-A-Stop technology covered by the '469 Patent or any other TAS technology.  While TAS asserts in its Complaint that it only recently learned in 2005 of Cummins' sales of ISX and ISM engines at issue, such a claim is hollow given the parties' prior suit where extensive discovery was taken on Cummins' alleged use and commercialization (or lack thereof) of any TAS technology covered by the License Agreement.

The present case filed by TAS is therefore an attempt to get a second bite at the apple.[2] TAS is relying on the same Agreements to assert its breach of contract claim concerning Cummins' ISX and ISM engines. (Complaint, Docket No. 1).  Accordingly, beyond the allegations in its Answer denying TAS' substantive allegations, Cummins asserted eight affirmative defenses: (1) failure to state a claim, (2) laches, (3) waiver, (4) estoppel, (5) failure to perform, (6) *res judicata*, (7) collateral estoppel, and (8) reservation of all other defenses based on later discovered evidence. (Answer, Docket No. 6).  The bases for these defenses is self-evident given the facts and circumstances of this case and given the Federal Rules' liberal notice pleading standard.  Cummins should be afforded the opportunity to further develop its defenses through discovery, and accordingly TAS' present Motion to Strike Cummins' Second through Eighth Affirmative Defenses should be denied in its entirety.[3]

---

[2] On August 24, 2007, TAS informed Cummins that it intends to file a motion for leave to amend the Complaint to include the "Temp-A-Start" technology which was directly at issue in the 2003 Case.

[3] TAS is not challenging the sufficiency of Cummins' First Affirmative Defense for failure to state a claim upon which relief may be granted.

**ARGUMENT**

**I.     Motions To Strike Are Disfavored.**

According to the Seventh Circuit, motions to strike affirmative defenses "are not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense, and are inferable from the pleadings." *William v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (vacating and remanding for a new trial and instructing district court to consider affirmative defenses of contributory negligence in liability phase and failure to mitigate in the damages phase); *see also RAO v. Covansys Corp.*, Case No. 06 C 5451, 2007 WL 141892, *2 (N.D. Ill., Jan. 17, 2007) (denying in part motion to strike affirmative defenses of failure to mitigate damages, punitive damages, and employee-at-will doctrine). As a result, courts should not strike an affirmative defense unless it is 'patently defective and could not succeed under any circumstances." *Board of Education of Thorton Township High School District 205 v. Board of Education of Argo Community High School District 217*, Case No. 06 C 2005, 2006 WL 2460590, *2 (N.D. Ill., Aug. 21, 2006) (denying in part motion to strike affirmative defenses of release, waiver, laches, good faith, and statute of limitations).[4]

Accordingly, even a generally pleaded affirmative defense will survive a motion to strike "as long as the pleading gives plaintiff fair notice of the nature of the defense." *Servpro Industries, Inc. v. Schmidt*, Case No. 94 C 5866, 1996 WL 400066, *11 (N.D. Ill., July 15, 1996) (denying in part motion to strike). The *Servpro* case is instructive on this point as the court recognized that waiver and estoppel are valid affirmative defenses to a breach of contract claim. *Id.* at *12. The court also found that the defendant had provided "notice of their intended

arguments and therefore satisf[ied] the basic standard set forth by Rule 8(c)." *Id.* Likewise, Cummins' affirmative defenses should not be stricken because they provide TAS with adequate notice of the nature of Cummins' defenses.

## II. The Federal Rules of Civil Procedure Only Require Notice Pleading.

Contrary to TAS' Motion which implicitly urges a higher pleading standard, the Federal Rules have a liberal notice pleading standard, wherein affirmative defenses are sufficient when they provide notice of the defenses the defendant intends to argue. "Federal courts adhere to a system of notice pleading, whereby parties need only notify the other side of the nature of their claims or defenses and need not plead with particularity." *Mobley v. Kelly Kean Nissan, Inc.*, 864 F. Supp. 726, 732 (N.D. Ill. 1993) (denying motion to strike). As the *Mobley* court observed, "parties need only notify the other side of the nature of their claims or defenses and need not plead with particularity." *Id.* at 732. The court refused to strike the failure to mitigate defense because while it "might have been more fully pleaded, it apprise[d] plaintiffs that [defendant] intend[ed] to argue that they failed to mitigate their damages." *Id.*; *see also Carpenter v. Ford Motor Company*, 761 F. Supp. 62, 65 (N.D. Ill. 1991) (denying in part motion to strike affirmative defenses of laches and failure to perform).

Moreover, affirmative defenses are subject to the pleading requirements set forth in Federal Rule 12(b)(6). *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 736-37 (N.D. Ill. 1982). Under Rule 12(b)(6), "the court must accept all factual allegations as true and draw all reasonable inferences in favor of the pleader." *MAN Roland, Inc. v. Quantum Color Corp.*, 57 F. Supp. 2d 576, 579 (N.D. Ill. 1999). Thus, in considering Cummins' affirmative defenses, the court must construe all allegations "in the light most favorable to the pleader," and "dismiss the

---

[4] *See also Sayad v. Dura Pharmaceuticals, Inc.*, 200 F.R.D. 419, 421 (N.D. Ill. 2001) (denying in part motion to strike affirmative defense of failure to state a claim and defense under Family Medical Leave Act which

allegation only if it appears beyond a doubt that the pleader can prove no set of facts in support of his claim that would entitle him to relief." *Id.* at 579.

According to TAS, Cummins must plead factual support for its affirmative defenses to provide "effective notice" and a basis for "formulation of relevant discovery requests."[5] (Pl. Br., Docket No. 8, p. 2.)  The purpose underlying Rule 8(c), however, "is to give the opposing party notice of the affirmative defense and a chance to rebut it." *Chronister v. Superior Air/Ground Ambulance*, Case No. 05 C 3492, 2005 WL 3019408, *2 (N.D. Ill., Nov. 8, 2005) (denying in part motion to strike affirmative defenses of failure to exhaust administrative remedies, failure to timely file suit, and failure to mitigate damages).  Thus, even if affirmative defenses are generally pleaded, they may be sufficient to provide notice to the plaintiff.  *See Hydra-Stop, Inc. v. Severn Trent Environmental Services, Inc.*, Case No. 03 C 4843, 2003 WL 22872137, *5 (N.D. Ill., Dec. 3, 2003) (denying in part motion to strike).

The *Hydra-Stop* case is particularly instructive on the sufficiency of generally pleaded defenses.  Although the court acknowledged that the generally pleaded unclean hands defense directed at non-fraud claims was "skeletal . . . [the court] [did not] agree that further development is necessary at this early stage." *Id.* at *5.  Similarly, the court found the generally pleaded defenses of offset/recoupment, failure to mitigate damages, waiver and/or estoppel, good faith, and damages caused by the acts/omissions of third parties to be sufficient as they "put Plaintiffs on at least minimal notice of the nature of the claimed defense." *Id.*  Contrary to TAS' suggestion, therefore, Rule 8 does not require Cummins to plead its affirmative defenses with

---

falls under the "any other matter constituting an avoidance or affirmative defense" provision in Rule 8(c)).

[5] Cummins notes that TAS relies on one First Circuit case for the proposition that affirmative defenses should provide "effective notice of the essence of the claims" and to allow a plaintiff to address those claims "through the formulation of relevant discovery requests." (Docket No. 8, p. 2 citing *Davignon v. Clemmey*, 322 F.3d 1 (1st Cir. 2002). In that case, however, the First Circuit found that the district court abused its discretion in

factual particularity or to provide a basis for TAS' discovery requests. In light of the commercial relationship between the parties, the Agreements dating back more than 10 years, and the 2003 Case, Cummins' generally pleaded affirmative defenses provide "at least minimal notice of the nature of the claimed defenses" and, therefore, should not be stricken from the case. *Hyrda-Stop v. Severn*, 2003 WL 22872137 at *5.

### III.   Cummins' Affirmative Defenses Are Supported By Reasonable Inferences Drawn From The Pleadings.

Courts are permitted to draw reasonable inferences from the pleadings when assessing the sufficiency of affirmative defenses. *William v. Jader Fuel*, 944 F.2d at 1401; *Codest Eng'g v. Hyatt International Corp.*, 954 F. Supp. 1224, 1231 (N.D. Ill. 1996) (denying in part motion to strike based on affirmative defenses of estoppel and failure to perform). Cummins' affirmative defenses are clearly supported by reasonable inferences drawn from the parties' commercial relationship, the Agreements, the 2003 Case, and the instant pleadings.

Cummins' Second Affirmative Defense is based on laches. "Laches involves unreasonable and inexcusable delay in filing suit." *See, e.g., Instituto Nacional de Comercializacion Agricola v. Continental Illinois National Bank and Trust Company*, 576 F. Supp. 985 (N.D. Ill. 1983) (striking laches defense based on one year delay in filing suit); *see also Board of Education of Thorton v. Board of Education of Argo*, 2006 WL 2460590 at *3 (striking laches defense where there was no basis for inferring an unreasonable delay). Here, the accused Cummins' engines were commercially available when the Agreements were executed in 1997. Moreover, TAS gained knowledge about the technology incorporated into Cummins'

---

permitting the defendant to raise a *res judicata* defense in a post-trial motion where the defendant had waived the defense by failing to plead it in the answer or seeking leave to amend the answer. *Id.* at 15-17.

engines during the 2003 Case.[6] However, TAS unreasonably delayed for more than 10 years from the execution of the Agreements, or at a minimum, four years from the filing of the 2003 Case, to assert the current breach of contract claim.

Cummins' Third Affirmative Defense is based on waiver. "Waiver involves voluntary relinquishment of a known right." *Weber Shandwick Worldwide v. Reid*, Case No. 05-709, 2005 WL 1651030, *6 (N.D. Ill., May 12, 2005). Striking Cummins' waiver affirmative defense would be improper where the nature of that defense can be inferred from the pleadings and the circumstances of the case. TAS has had knowledge of its rights under the Agreements since 1997. TAS deliberately chose not to assert its rights under the Agreements with respect to the Temp-A-Stop Technology and the Temp-A-Start Technology during the 2003 Case. Thus, a court can reasonably infer from Cummins' allegations and the existence of the prior suit that TAS voluntarily relinquished its claim regarding any alleged royalties on Cummins' ISX and ISM engines or any other engine that may fall within the scope of TAS' proposed amended complaint.

Cummins' Fourth Affirmative Defense is based on estoppel. Under Illinois law, estoppel arises where "(1) a party acts, (2) another party reasonably relies on those acts, and (3) the latter party thereby changes his position for the worse." *Bobbitt*, 532 F. Supp. at 738 (denying in part motion to strike affirmative defenses of good faith and dissolution). Contrary to TAS' arguments, in *Bobbitt,* the court expressly stated that it did not find "estoppel under Illinois law close enough to fraud to require the more stringent pleading standard of Rule [sic] 9(b)." *Id.* at 738, n.5. This authority is directly contrary to TAS' assertion that "[c]ourts have long recognized that because estoppel is based on misrepresentation, it falls under the heightened

---

[6] This includes Cummins engines that allegedly incorporate the Temp-A-Stop Technology as well as the Temp-A-Start Technology that TAS intends to add to the present case.

pleading requirements of 9(b) . . . ." (Pl. Br., Docket No. 8, p. 4).[7] Moreover, other authority cited by TAS concurs with the *Bobbitt* court that an affirmative defense of estoppel is sufficient pleaded if the above three elements are asserted. (*Id.* at p. 5); *see Instituto Nacional de Comercializacion Agricola*, 576 F. Supp. at 989 (requiring elements of estoppel to be pleaded but not requiring Rule 9(b) standard of particularity).

Similar to other affirmative defenses, the elements of estoppel may be reasonably inferred from the pleadings. For example, in *Codest Engineering v. Hyatt International Corp.*, the court acknowledged that the defendant failed to "explicitly allege detrimental reliance" as part of its estoppel defense. 954 F. Supp. 1224, 1231 (N.D. Ill. 1996). Nonetheless, the court found that detrimental reliance could reasonably be inferred from the defendant's answer to support an estoppel affirmative defense. *Id.* at 1231; *see also Coca-Cola Company Foods Division v. Olmarc Packaging Co.*, 620 F. Supp. 966, 970 (N.D. Ill. 1985) (inferring detrimental reliance from the Answer and noting that defendant "also receives the benefit of all reasonable factual inferences following from those allegations."). Similarly, Cummins' affirmative defense can be inferred here for the same reasons discussed above.

Cummins' Fifth Affirmative Defense is based on TAS' failure to perform under the Agreements. Courts have found that failure to perform under a contract is a proper affirmative defense. *American Hospital Supply Corp. v. Hospital Products Ltd.*, 780 F.2d 589, 599 (7th Cir. 1986); *Codest Eng'g,* 954 F. Supp. at 1230 (denying motion to strike failure to perform affirmative defense). This is because, "[u]nder basic contract principles, a material breach of contract may be excused if the other party commits a material breach first." *Carpenter v. Ford*,

---

[7] In fact, TAS relies on one Fifth Circuit case for this proposition, namely, *Rubin v. O'Koren*, 621 F.2d 114, 117 (5th Cir. 1980). The *Rubin* case was cited by the court in *Bobbitt* as an example of a court that applies the heightened particularity standard to estoppel cases. *Bobbitt,* 532 F. Supp. at 738 fn. 5. As discussed above, however, the court rejected the Rule 9(b) standard for estoppel under Illinois law. *Id.*

761 F. Supp. at 66 (denying motion to strike failure to perform affirmative defense).[8] Here, it is reasonable to infer that the failure to perform defense is directed at TAS' conduct under the very same Agreements that are referenced in TAS' Complaint and Cummins' Answer.

Cummins' Sixth and Seventh Affirmative Defenses are based on *res judicata* and collateral estoppel. "Federal rules of preclusion dictate that *res judicata* will bar a later filed claim if an earlier action reached a judgment on the merits, the two suits involve the same parties or their privies, and the claims set forth in the two suits are based on the same, or nearly the same, factual allegations." *Midfirst Bank v. Graham*, Case No. 96 C 2693, 2006 WL 1647405, *3 (N.D. Ill., June 9, 2006) (applying *res judicata* to preclude second suit) citing *Brzostowski v. Laidlaw Waste Systems, Inc.*, 49 F.3d 337, 338-39 (7th Cir. 1995). Similarly, collateral estoppel in Illinois requires that "(1) the issues decided in the prior adjudication are identical to issues presented for adjudication in the current proceeding; (2) a final judgment on the merits; and (3) the party against whom estoppel is asserted was a party or in privity with a party in the prior action." *Kalush v. Deluxe Corp.*, 171 F.3d 489, 493 (7th Cir. 1999).

Given the identity of the parties, the Agreements, and breach of contract claim to the 2003 Case, it cannot come as a surprise to TAS that Cummins has raised *res judicata* or collateral estoppel defenses. As noted in TAS' Complaint, the 2003 Case was also litigated to a judgment on the merits which was subsequently affirmed on appeal. *TAS Distributing Company, Inc. v. Cummins Engine Company, Inc.*, Case No. 05-1371, 2007 WL 1704114 (7th Cir., June 14, 2007). It is, therefore, reasonable to infer that Cummins' *res judicata* and collateral estoppel

---

[8] TAS asserts that "failure to perform" is not a proper affirmative defense. (Docket No. 8, p. 4.) TAS relies on the fact that "failure to perform" is not one of the enumerated defenses in Rule 8 and the general proposition that affirmative defenses raise matters "outside the scope of plaintiff's prima facie case. . . ." *Id.* Rule 8 specifically contemplates "any other matter constituting an avoidance or affirmative defense." Moreover, the authorities from the Seventh Circuit and this Court's sister district cited above establish that failure to perform is properly raised as an affirmative defense.

claims are based on the 2003 Case, and therefore these defenses should not be stricken. *Codest v. Hyatt*, 954 F. Supp. at 1231.

Cummins' Eighth Affirmative Defense seeks to reserve all other defenses based on later discovered evidence. In pleading its Eighth Affirmative Defense, Cummins is merely putting TAS on notice that it will seek leave to amend its Answer to add affirmative defenses that are subsequently discovered during the course of discovery. There is no prejudice to TAS for maintaining this defense and the Scheduling Order contemplated by the parties provides for a deadline by which to amend pleadings in any event.

### IV. At This Early Stage Of The Litigation, Cummins Is Not Required To Plead Detailed Factual Support For Its Affirmative Defenses.

Based on the early stages of the case, Cummins' affirmative defenses should stand as pleaded since "it would be unreasonable for the defendant to have detailed information about the plaintiff's [] conduct." *Codest Eng'g,* 954 F. Supp. at 1230; *see also RAO v. Covansys Corp.*, Case No. 06 C 5451, 2007 WL 141892, *2 (N.D. Ill. Jan. 17, 2007) (finding failure to mitigate affirmative defense was pleaded with adequate specificity at "this early stage in litigation"). As one court observed, "a generally pleaded affirmative defense is 'sufficient when the pleading informs the plaintiff of the issue raised and when, given the early stage of the litigation, it would be unreasonable to expect the defendant to have detailed information.'" *Chronister*, 2005 WL 3019408 at *3.

To date, other than TAS' Complaint and Cummins' Answer and Affirmative Defenses, no other pleadings have been filed nor has any discovery taken place.[9] Courts have found that a defendant may not have detailed factual support for its affirmative defenses if the litigation is in the early stages and, as such, generally pleaded affirmative defenses may be sufficient to put the

---

[9] The Rule 16 conference with the Court is scheduled for August 29, 2007. (*See* July 31, 2007 Order.)

plaintiff on notice. *Chronister*, 2005 WL 3019408 at *3. For all the reasons noted above, TAS has certainly been put on notice of the bases for Cummins' claims. Moreover, with respect to the affirmative defenses of laches, waiver, estoppel, and failure to perform, the basis for those defenses are directed at TAS' conduct and thus do not involve facts that are "uniquely within the purview" of Cummins. *See, e.g., Jackson v. The Methodist Medical Center of Illinois*, Case No. 06-1235, 2007 WL 128001, *3 (C.D. Ill. Jan. 11, 2007) ("At this stage of the litigation, before parties have conducted discovery, this defense is properly pleaded. Nothing about the facts or basis for this affirmative defense is 'uniquely within the purview of the Defendant . . . .'"). Consequently, the Court should find that Cummins' generally pleaded affirmative defenses are sufficient at this early stage of the litigation.

V. **Cummins Should Be Granted Leave To Amend If The Court Determines That Additional Factual Support Is Required At This Stage Of The Litigation.**

For the reasons discussed above, the Court should not strike Cummins Second through Eighth Affirmative Defenses because they provide TAS with constructive notice of the nature of Cummins' defenses. If, however, the Court believes that additional factual support is required at this early stage of the litigation, Cummins respectfully requests leave to amend its affirmative defenses. Courts have noted that "[s]triking an affirmative defense does not necessarily bar its substantive argument from the case because affirmative defenses—like complaints—are protected by the direction of Rule 15(a) that courts are to grant leave to amend pleadings 'freely . . . when justice so requires.'" *Hydra-Stop*, 2003 WL 22872137 at *5; *Bobbitt*, 532 F. Supp. at 736.

Here, the litigation is at an early stage and neither party has served any discovery requests. TAS does not assert that it has suffered or will suffer any prejudice if Cummins is granted leave to amend its affirmative defenses. Accordingly, the Court should grant leave for

Cummins to amend its affirmative defenses under Rule 15(a).  *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286 (7th Cir. 1989) (noting that "defenses are pleadings, and as such, leave to amend is freely granted when justice requires."); *Renalds v. S.R.G. Restaurant Group*, 119 F. Supp. 2d 800, 803 (N.D. Ill. 2000) (discussing Rule 15(a) as requiring courts to grant leave to amend the pleadings "freely . . . when justice so requires.").

## CONCLUSION

**WHEREFORE**, Cummins respectfully requests that the Court (1) deny TAS' Motion to Strike Affirmative Defenses in its entirety, or alternatively, (2) grant Cummins leave to amend its affirmative defenses, and (3) to grant any such further relief as the Court deems appropriate and just.

CUMMINS INC.


By:  /s/ Heidi L. Belongia
         One of Its Attorneys

Jeanne M. Gills
Heidi L. Belongia
Foley & Lardner LLP
321 North Clark Street, Suite 2800
Chicago, Illinois  60610
Telephone:  312.832.4500
Facsimile:  312.832.4700

David G. Lubben (Local Counsel)
Davis & Campbell L.L.C.
401 Main Street, Suite 1600
Peoria, IL 61602
Telephone: 309.673.1681
Facsimile: 309.673.1690

## CERTIFICATE OF SERVICE

I, <u>Heidi L. Belongia</u>, an attorney, hereby certify that on **August 28, 2007**, I electronically filed **Cummins Inc.'s Opposition To TAS Distributing Company, Inc.'s Motion To Strike Affirmative Defenses** with the Clerk of the Court using the CM/ECF system, which will send notification and service of such filing to all attorneys of record.

      /s/  Heidi L. Belongia
      Heidi L. Belongia

Jeanne M. Gills
Heidi L. Belongia
Foley & Lardner LLP
321 North Clark Street, Suite 2800
Chicago, Illinois  60610
Telephone:  312.832.4500
Facsimile:  312.832.4700

David G. Lubben (Local Counsel)
Davis & Campbell L.L.C.
401 Main Street, Suite 1600
Peoria, IL 61602
Telephone:  309.673.1681
Facsimile: 309.673.1690