UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TAS DISTRIBUTING COMPANY, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 07-1141 |
| CUMMINS, INC., | ) |
| Defendant, | ) |

# O R D E R

Before the Court is TAS' motion (Doc. 148) under F.R.C.P. 59(e) for reconsideration of the Order entered March 31, 2009 (Doc. 145) denying TAS' motion for summary judgment on Count III and granting Cummins' cross-motion for summary judgment on Count III.

In its motion, TAS directs the Court's attention to what it describes as the Court's misunderstanding of its claim in Count III: that the stated claim, when properly understood, alleges that in violation of its obligation under Section 6(f) of the License Agreement to use reasonable efforts to market TAS' technology in its engines, Cummins incorporated into the Electronic Control Modules (ECM) of its engines an accessory shutdown feature instead of using TAS' comparable engine-stop product. TAS concedes that Cummins was under no obligation under the License Agreement to put an engine-stop product on its engines that shut down both the engine and accessories; but if Cummins elected to do so, Section 6(f) required Cummins to use TAS' engine-stop product. It is undisputed that Cummins used TAS' technology by incorporating its "engine start/stop technology" in the ECM of its engines and in a two-box version marketed and sold under the trade name "ICON." TAS claims that in 1998 or 1999, Cummins began incorporating into the ECM of its engines technology labeled by TAS as "enhanced proprietary idle shutdown technology" (ISF Plus System) that TAS claims performs the same function as its engine-stop product to shut off

the engine and electronic accessories after the engine has idled for a set period of time. Cummins responds that it independently created this accessory shut-down feature without using TAS' technology and therefore owes no royalties to TAS under the License Agreement. Since the use of the ISF Plus System in its engines by Cummins is beyond dispute, the remaining issues are whether the use of the ISF Plus System violated section 6(f); and if it did, damages due TAS. These two issues were decided against TAS in the summary judgment Order: (1) The Court could find no basis in the record for a reasonable jury to find that the contracts and License Agreement prevented Cummins from producing a competing product or that the product produced, the ISF Plus System, was identical such that it might run afoul of the "reasonable efforts" clause; and (2) The issue of damages was decided against TAS in TAS 1 on the ground that TAS could not prove its damages under the Illinois "new business rule." TAS hopes to overcome this hurdle by focusing its claim for damages on sales of engines containing Cummins' ISF Plus System which requires no estimation or comparison to any other engine manufacturer except Cummins.

The Court will not concede TAS' major premise that the Court misunderstood the claim alleged in Count III and argued by TAS in its ill-fated summary judgment motion.

In disposing of the cross motion for summary judgment relating to Count 1 of TAS' Third Amended Complaint, it was observed that TAS was alleging three breach of contract claims and one accounting claim. Count 1 was concerned with Cummins' failure to pay the required royalties arising from its sale of the original electronic control module (ECM) or one-box product ("Temp-A-Start") which is contained in the engine electronic control module. In disposing of the cross motions for summary judgment relating to Count II, it was observed that the product involved was the Temp-A-Start/two-box product that is contained in an engine block but not in the ECM. In the Order disposing of the cross motions for summary judgment relating to Count III, it was observed that Count III was pled as an "alternative" to Count 1 and appeared similar to the claim involved in TAS 1 that Cummins

failed to use reasonable efforts to market and sell TAS technology (specifically the ECM one-box product) by marketing and selling its ISF Plus System that directly competes with TAS' ECM one-box product which also shuts down the engine and accessories under certain circumstances.  TAS claims that the use of ISF Plus System in Cummins' engines constituted a breach of section 6(f) entitling TAS to royalties on all engines sold by Cummins containing its ISF Plus System.  In its motion for reconsideration, TAS clearly states that Count III was intended to claim that Cummins' ISF Plus System competed with its engine-stop two-box product (Temp-A-Stop).  Unfortunately there appeared to have been a disconnect between what TAS intended and what was actually pled.  The gist of the problem with TAS' motion for reconsideration is captured by the Court's observation in the summary judgment Order that "it is important to note that TAS is *only* claiming that the ISF Plus System directly competes with its 'one-box product' as described in this Court's Order on the summary judgment motions related to Count 1.[5]"  In a footnote, the Court explained the basis for its understanding: "[5]TAS has spent a considerable amount of verbiage talking about Cummins' alleged duty under the license agreement to develop a two-box product that would compete with the ISF Plus System.  This argument has nothing to do with the actual claim in the Third Amended Complaint."  In summary, the Count III summary judgment Order observed that "TAS' motion for summary judgment on Count III again raises the issue of whether, as a matter of law, Cummins has breached the all reasonable efforts clause.  This time TAS alleges that Cummins is selling its ISF Plus System instead of a one-box system utilizing TAS' technology.

The Court is not disposed to reconsider its summary judgment ruling.  Sometimes having the Court construe your claim differently from your intent is the price a pleader must pay for drafting a prolix pleading that does not provide a short and plain statement of the claim as required by F.R.C.P. 8.  The Court is satisfied that its original perception of the claim alleged in Count III is correct and not a manifest error of fact.

3

TAS' motion for reconsideration is viewed as another attempt by TAS to circumvent the damages issue decided against it in TAS 1. As observed by the Court in its summary judgment Order, "in the summary judgment motion now before the Court, TAS seemingly seeks to circumvent the ruling on damages (in TAS 1) by arguing that every sale by Cummins of an accessory shut-down feature (ISF Plus system) correlates to an item of damage – that being a lost sale of a one-box product utilizing TAS' technology."

In its summary judgment Order, the Court considered "whether Cummins' accessory shutdown feature included in its engines is an indication that it failed to use 'reasonable efforts' to market and sell TAS technology and whether TAS can prove damages in any event." The Court ruled that "a searching reading of the agreement fails to identify any term that could reasonably be interpreted as prohibiting Cummins from using its own idle control technology in its engines whether pre-existing or later developed." As to damages, the Court ruled that TAS could still not show damages sustained based upon sales of Cummins' engines that contained its ISF Plus System because the latter technology differed from TAS' comparable technology by its inability to restart the engine or accessories. TAS now says in its motion for reconsideration, the Court got it wrong in interpreting its claim; and provides a clearer version of what was intended: that its competing technology is not the ECM one-box product but the Temp-A-Stop product. Unfortunately, the clarification does not relate back to replace what was pled at the time. The motion for reconsideration of the Order of March 31, 2009, concerning Count III of the Third Amended Complaint is DENIED.

ENTERED this __27th__ day of October, 2009.

s/Joe B. McDade
JOE BILLY McDADE
United States District Judge
