UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TAS Distributing Co. | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 07-1141 |
| | ) | |
| Cummins Inc. | ) | |
| Defendant | ) | |

**ORDER**

Now before this Court is the Defendant's Motion to Strike or for Summary Judgment (#179) as to Counts III and IV of the Fourth Amended Complaint.  As explained below, the Motion to strike is GRANTED and the motion for summary judgment is DENIED AS MOOT.

**DISCUSSION**

On March 30 and 31, 2009, three Orders on summary judgment as to the Third[1] Amended Complaint (Doc. #33) were entered.  One[2] of those Orders (Doc. #145) considered cross motions for summary judgment as to Count III.  The effect of that Order was to enter summary judgment in favor of Cummins and to deny summary judgment as to TAS on Count III.

---

[1] Two motions for summary judgment (#36 and 54) attacked the Second Amended Complaint.  These motions were pending when TAS sought leave to file the Third Amended Complaint.  The Court ordered (see Text Order of 2/15/08) that the two summary judgment motions remain pending because the Third Amended Complaint did not change Count I, which was the subject of the motions.

[2] Order #141 entered summary judgment on liability in favor of TAS on the breach of contract claim under Count II.  Order #145 denied both motions for summary judgment as to Count I, finding questions of material fact.  In reaching that conclusion,  TAS's argument of judicial estoppel was rejected.

On April 13, 2009, a motion to reconsider (Doc. #148) the ruling as to Count III was filed by Cummins. On May 28, 2009, before a ruling on that motion was issued, TAS filed a motion for leave to file a Fourth Amended Complaint (Doc. #166). In that motion, TAS explained its belief that the Court had misinterpreted Count III and asked leave to file a fourth amended complaint to clarify the claim that had been contained in Count III. The Motion for Leave to File was orally granted at a status conference held on June 11, 2009.

The Fourth Amended Complaint was filed (Doc. # 169). Count III of the Fourth Amended Complaint is identical to Count III in the Third Amended Complaint, the same Count III as to which summary judgment had already been entered against TAS. Count IV is a revised version of Count III, part of TAS's attempt to convince the Court that its Order as to Count III had misinterpreted Count III.

Defendant has now filed a Motion to Strike the Fourth Amended Complaint, or in the alternative for Summary Judgment as to Counts III and IV. As is more fully explained in a separate Order entered this date, I have declined to reconsider my earlier Order, rejecting TAS's contention that I misinterpreted that Count III. The Motion to Strike Count III is therefore GRANTED.

The re-pleading of Count III was in direct contravention to the entry of judgment in favor of Cummins on that Count. It is not necessary to re-plead a dismissed count in order to preserve the record, and doing so is sanctionable. See, <u>Serritella v. Markum</u>, 1129 F.3d 506, 512 (7th Cir. 1997). There was simply no reason to re-plead Count III. Nonetheless, in the exercise of my discretion, I have determined that sanctions will not be imposed at this time. Guiding my discretion were the facts that TAS was seeking reconsideration of the Order in question and the fact that TAS sought and obtained leave to file the Fourth Amended Complaint. This is not to be

construed, however, as approval of TAS's disregard for clear authority in this Circuit.

I further find that Count IV does nothing to remedy the deficiencies I found in my earlier Order. Each of the three bases for granting summary judgment as to Count III applies with equal force to the "clarified" Count IV. The Motion to Strike Count IV is therefore GRANTED for those same reasons.

## CONCLUSION

As stated herein, the motion to strike is GRANTED. Counts III and IV are stricken. It is not necessary to consider the motion for summary judgment as to those Counts; it is DENIED AS MOOT.

TAS is ordered to file, within 14 days of this date, a Fifth Amended Complaint. Cummins shall file its answer to the Fifth Amended Complaint within 14 days thereafter. The Fifth Amended Complaint and the Answer shall be consistent in every way with each Order that has been entered in this case. Filings that are not consistent with prior Orders will result in imposition of sanctions.

ENTERED ON  October 27, 2009

s/ Joe Billy McDade

JOE BILLY MCDADE
UNITED STATES DISTRICT JUDGE