UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TAS Distributing Co. | ) | |
|        Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 07-1141 |
| | ) | |
| Cummins Inc. | ) | |
|        Defendant | ) | |

**ORDER**

Before the Court is Cummins' motion (contained as one part of Document #157) to strike the errata sheets prepared by two deponents, Harvey Slepian and Loran Sutton. As explained herein, that motion is DENIED.

A deponent is authorized to review a deposition transcript and "if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them." Fed.R.Civ.P. 30(e)(1)(B). There are two lines of cases interpreting this phrase. The majority of courts interpret it literally: changes in substance, up to and including direct contradictions of deposition testimony, are permissible because the original answers remain available for cross examination at trial.. Other courts, however, permit only the correction of transcription errors. . There are variations and permutations. For example, some courts limit the extent to which an errata may introduce substantive changes to deposition testimony, limiting the permissible changes to explanation or clarification of incomplete or ambiguous testimony. Other courts require that any substantive changes be accompanied by a reason explaining the need for change.

The Seventh Circuit is among the courts that allow substantive changes so long as they are not direct contradictions of deposition testimony. In <u>Thorn v. Sundstrand Aerospace Corp.</u>, 207 F.3d

383, 389 (7th Cir. 2000), the Court of Appeals was considering a change in testimony "from what he said to what he meant." Although noting that this appeared a "questionable basis for altering a deposition," the Court went on to note that such a change "is permitted" by Rule 30. The Court of Appeals went on, however, to state in *dicta*:

> We also believe ... that a change of substance which actually contradicts the transcript is impermissible unless it can plausibly be represented as the correction of an error in transcription, such as dropping a "not."

Id.

Loren Suttons' original deposition involved the following questions and answers:

> Q: Okay. So your brother contributed to some of the invention identified in the 459 patent?
> A: Yes.
> Q: He's not listed as an inventor, is he?
> A: No.

In his errata, Mr. Sutton amends his first answer to "yes only in developing the display side which was designed 2 years before the 469 patent was written." The errata regarding his second answer explains his answer as follows: "Because any work that Paul did for me fell under the heading of converting analog logic which I gave him into microprocessor code."

Neither of those answers contradicts the original answer. Instead, they supplement and explain that one-word answer. As the Seventh Circuit noted, such an amendment is permitted by Rule 30.

In Mr. Sepian's deposition he gave dates on which ThermoKing first purchased Temp-A-Start/Temp-A-Stop products from Trans-Pro (a TAS predecessor). In his errata, he seeks to change in one place September 1990 to April 1991 and in another place 1990 to 1991. Those dates are significant dates in this litigation. The errata appears to be an effort to correct a mis-stated fact,

along the lines of changing "what he said to what he meant to say," a correction grudgingly approved, but approved nonetheless, in <u>Thorn</u>.  Sepian's original answer remains available for use in cross examination of Sepian at trial.  The reason for the error in dates and the basis for the correction are topics that can be explored then.  In fact, because discovery is still open in this case, those topics could be explored well before trial.  The errata need not be stricken.

ENTERED ON  October 27, 2009

                                                  s/ John A. Gorman

                                                  JOHN A. GORMAN
                                     UNITED STATES MAGISTRATE JUDGE