UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

TAS DISTRIBUTING COMPANY, INC., )
)
      Plaintiff, )
)
      v. ) Case No. 07-1141
)
CUMMINS, INC., )
)
      Defendant, )

**SUA SPONTE ORDER OF CLARIFICATION**

On October 17, 2009, an Order (Doc. 201) was entered striking Counts III and IV of TAS' Fourth Amended Complaint and giving TAS leave to file a Fifth Amended Complaint "consistent in every way with each Order that has been entered in this case." Since entry of that Order, the Court (in a persistent attempt to ensure that an accurate disposition is ultimately reached in this complex litigation) has conducted a wholesale review of the Third Amended Complaint, the various summary judgment motions and the Orders disposing of them in this case, as well as the orders and opinions in TAS1. That review has revealed that Cummins' delay in disclosing its engine/accessory shutdown feature (ISF Plus System) has created pleading problems for TAS and confusion for the Court in understanding the claims set forth in Counts 1 and III of the Third Amended Complaint and Count IV of the Fourth Amended Complaint. As explained below, the Court's discovery of this complication changes the end result of the Order that granted summary judgment in favor of Cummins on Count III.

The "TAS technology" that was the subject of the License Agreement at issue in both TAS1 and the case now before the Court involved two distinct technologies, the "Temp-A-Start" and "Temp-A-Stop" systems. The "Temp-A-Start" system incorporates the "Temp-A-Stop" technology. Each of these separate technologies exists in two versions. In one version, each of these technologies is contained within the "electronic computer

module" (ECM) of an engine (one-box product).  In the second version, each of these technologies is contained in a separate box outside of the ECM of an engine (two-box product).

The Court now understands that reference in Count 1 to "Original ECM Product" refers both to the Temp-A-Start and Temp-A-Stop technologies in the one-box version and that summary judgment relief was directed toward the Temp-A-Stop and the Temp-A-Start products.  The focus of Count III is only on Cummins' ISF Plus System, and TAS is now understood to be claiming that Cummins violated section 6(f) of the License Agreement by developing and supplying certain of its truck engines with the ISF Plus System (which performs the same function as TAS' ECM engine-stop system, Temp-A-Stop, of cutting off certain accessories after the truck engine has idled longer than a pre-set period of time).  Count III alleges that Cummins' use of its ISF Plus System instead of TAS' ECM engine-stop system constitutes a breach of section 6(f) of the License Agreement and entitles TAS to damages measured by every ISF Plus System installed  in  engines produced by Cummins.

In its earlier Order on summary judgment as to Count III (Doc. 145), TAS' motion was denied for the same reason given in TAS1: damages were too speculative.  The Court also ruled that, as a matter of law, Cummins' use of its ISF Plus System, if developed independently and without use of TAS technology, would not constitute a breach of section 6(f) of the License Agreement that required Cummins to make all reasonable efforts to market and sell TAS' licensed technology.  The Court ruled that "a searching reading of the agreement fails to identify any term that could reasonably be interpreted as prohibiting Cummins from using its own idle control technology [ISF Plus System] in its engines whether preexisting or later developed."  The Court reaffirmed this ruling in the Order of October 27, 2009, denying reconsideration of the earlier summary judgment Order.  Likewise in reaffirming summary judgment for Cummins on Count III, the Court observed that "in its summary judgment Order, the Court considered whether Cummins' accessory

shutdown feature included in its engines is an indication that it failed to use reasonable efforts to market and sell TAS' technology and whether TAS can prove damages in any event."

Neither of those Orders was based upon an accurate understanding of TAS' claim in Count III. As the Court now understands it, TAS alleges in Count III (and the recently pled Count IV) that the License Agreement prohibited Cummins from using its own independently developed technology to develop an "idle control accessory shutdown feature" because doing so would necessarily mean that Cummins was not making its best effort to market and sell TAS' competing technology. Count III further claims that TAS is owed royalties by Cummins if it used its own or TAS' technology in developing the ISF Plus System. Even though the Court has ruled that Cummins is within its right to use its own independently developed ISF Plus System, TAS is not precluded from attempting to show that TAS' technology was used in developing that technology. Therefore, summary judgment in favor of Cummins on Count III was in error because summary judgment cannot be granted where there is a genuine dispute of material fact.

If the Court's ruling on the issue of breach of section 6(f) is correct (and the Court still believes that it is), the issue of damages is never reached even though TAS can make a plausible argument that damages measured by the use of the ISF Plus System would not be speculative. If that ruling is incorrect, we must be sure that the issue is preserved for purposes of appeal. Again, the Court believes that the ruling is correct.

In light of this Order of Clarification, the Court believes that this case can now proceed to disposition on Count I and II of the Fourth Amended Complaint and a repled Count III. To the extent the earlier Order on summary judgment (Doc. 145) granted summary judgment in favor of Cummins' on Count III, it is VACATED. The Order on the Motion to Reconsider (Doc. 197) on that question is VACATED. The Order on the Motion to Strike (Doc. 201) is MODIFIED to the extent it incorporates these rulings and strikes Counts III and IV. Finally, the Order directing TAS to file a Fifth Amended Complaint (Doc.

201) is AMENDED to incorporate this Order.  TAS has leave to file a single Count III to reflect the legal theory discussed in this Order relating to Cummins' ISF Plus System.

The Court is setting this case for a status review conference on **Thursday, November 5, 2009, at 3:00 P.M. in person, in Courtroom D of the Federal Courthouse in Peoria, Illinois,** to discuss this Clarification Order and its ramifications.

ENTERED this  2nd  day of November, 2009.


                                            s/Joe B. McDade
                                        JOE BILLY McDADE
                                    United States District Judge