E-FILED
Friday, 09 April, 2010  05:01:49 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| TAS DISTRIBUTING COMPANY, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 07-cv-1141 |
| CUMMINS, INC., | ) ) ) |
| Defendant. | ) |

## O P I N I O N and O R D E R

Before the Court are the Motion for Reconsideration filed by Defendant, Cummins, Inc., on December 7, 2009 (Doc. 214) and the Motion for Leave to File Reply filed by Defendant on December 11, 2009 (Doc. 218). Both Motions are DENIED.

### BACKGROUND

This lawsuit has resulted in numerous Orders that have attempted to outline the dispute between the parties. In lieu of generating another extensive outline of the parties' dispute, the Court assumes familiarity with the claims in this case, the various Orders, and the documents filed in two other cases involving these parties, *TAS Distributing Co. v. Cummins Engine Co.*, 1:03-cv-1026 (hereinafter "TAS I") and *Cummins, Inc. v. TAS Distributing Company, Inc.*, 1:09-cv-1096 (hereinafter "TAS III"). This case, of course, is TAS II.

On March 17, 2009, Defendant filed a Motion and memorandum to file an Amended Answer (Docs. 125 and 126) to the Third Amended Complaint (Doc. 70). The docket does not reflect that a response was filed to the Motion. However, on the

day that the response was due, the Motion was denied as moot by Magistrate Judge Gorman, along with various discovery motions, in light of recent rulings on dispositive motions (Doc. 147).  Judge Gorman ordered the parties to review various pending motions and consolidate and re-file those motions that were still in dispute.

In response, Cummins filed a Motion on May 1, 2009 (Doc. 157).  As is relevant to the current Motion for Reconsideration, Cummins reasserted the Motion for Leave to File an Amended Answer, Affirmative Defenses and Counterclaims. The amendments relate to arguments concerning the validity of two Patents, the '703 and '469 Patents, that Cummins asserts would lead to the rescission of the contracts that form the basis of Plaintiff's Complaints.  These defenses are the subject of Cummins' Complaint in TAS III (which was filed on March 18, 2009 – a day after the original Motion to Amend – Doc. 125 – was filed in this case).  TAS responded to the May 1, 2009 Motion on May 20, 2009 (Doc. 164).  On June 11, 2009, TAS filed a Fourth Amended Complaint (Tr. 169).

On October 27, 2009, this Court issued an Order disposing of Cummins' Motion to Amend (Doc. 199).  The Court stated:

> Cummins seeks to amend its Answer and plead affirmative defenses and counterclaims relating to its basis claim that the patents underlying and providing substantial consideration for the license agreement for the TAS technology are invalid and unenforceable. The patents are the subject of another action pending in this Court in Case No. 09-1096 [TAS III] in which fully briefed summary judgment motions are pending. In the Court's judgment, the instant case is complex enough and the additional complexity of patent ramifications would become overwhelming and impede the just, speedy and inexpensive determination of the instant case. The effect of granting Cummins' motion would be to consolidate this case with the pending patent case which the Court determines to be inconvenient and inexpedient. The Motion to Amend Answer is denied.

On November 13, 2009, TAS filed its Fifth Amended Complaint (Tr. 205). On November 30, 2009, this Court found that the claims in TAS III are barred by res judicata because they could have and should have been litigated in TAS I.

In the present Motion for Reconsideration, Cummins asserts that it is entitled "as a matter of right" to file an amended answer that would include its patent-based counterclaims and defenses "given that TAS has been permitted to file a claim that changes the scope of the litigation." Second, Cummins claims that the ruling in TAS III and the appeal of that ruling "could also impact the ultimate resolution of TAS' claims here" because the claims in TAS III are "essentially identical" to the proposed defenses in this case – however, Cummins agues that the ruling in TAS III is not the law of the case because the two cases have not been consolidated. Third, Cummins argues that the ruling on its Motion "may contradict" a June 11, 2009 Order. Cummins seeks either leave to assert its defenses and counterclaim and an extension of time to file its Answer to the Fifth Amended Complaint, or, in the alternative, certification of this issue for interlocutory appeal.

## DISCUSSION

This matter appears to be procedurally complicated because of the intervening amended complaints and the fact that no answer (which can be amended) has been filed with respect to the Fifth Amended Complaint. When Cummins' Motion (Doc. 125) was originally filed, it sought to amend its Answer (Doc. 71) to the Third Amended Complaint (Doc. 70) based on the discovery of new information garnered from depositions taken from March 2 to March 13, 2009.

Thus, Cummins argued that good cause pursuant to Federal Rule of Civil Procedure 16(b)(4),[1] in conjunction with Rule 15(a)'s liberal amendment provisions, warranted that leave to amend be granted. Along with the Motion, Cummins filed its Third Amended Answer prior to leave being granted (Doc. 127). The Third Amended Answer should have been stricken on this account (and because the Motion was denied as moot in the April 3, 2009 Order (Doc. 147)). As noted above, TAS did not respond to the Motion because of the intervening Order disposing of the Motion.

TAS filed its Fourth Amended Complaint on June 11, 2009 (Doc. 169). The filing of the Fourth Amended Complaint necessarily nullified the Third Amended Complaint and responsive pleadings thereto. Cummins filed its Fourth Answer to the Fourth Amended Complaint on July 13, 2009 (Doc. 178). The Fourth Answer includes the patent-based defenses and counter-claims that are the subject of the present Motion. TAS filed its Answer to the counter-claims on July 27, 2009 (Doc. 180). The docket does not reflect a motion to dismiss the counter-claims related to the patents nor is there any motion to strike portions of the Fourth Answer related to the patents. Thus, it was only after the filing of the Fourth Amended Complaint, the Answer and counter-claims thereto, which include the patent-based arguments, that this Court denied Cummins leave to amend the Third Answer.

And now, a Fifth Amended Complaint has been filed to which, as yet, no Answer or counter-claims have been filed. It therefore seems that Cummins' Motion is moot; and, should be disposed of as such. After all, it makes little sense for the Court to grant the relief requested: reconsideration of an Order disposing of

---

[1] The deadline for amending pleadings had elapsed.

a Motion to Amend an Answer to a Third Amended Complaint that has been superseded by two amended complaints and one answer. The Court is mindful that Cummins has not filed its Fifth Answer that would include the patent-based defenses and counter-claims because of this Court's admonition that dismissed claims included in pleadings would result in sanctions (Doc. 201).

Notwithstanding these procedural infirmities, and in order to move these proceedings along, the Court assumes that a Fifth Answer would be essentially similar to the Fourth Answer. The Court further declines to grant Cummins leave to include its patent-based defenses and counter-claims in any future answer. Such claims are clearly barred by res judicata: the claims should have and could have been brought in TAS I. To allow Cummins to include such claims in this lawsuit would undermine the determination in TAS I. The Court adopts and incorporates by reference the reasoning in the Order dated November 30, 2009 entered in TAS III.

Therefore, allowing such claims and defenses would be futile, *see Hukic v. Aurora Loan Services*, 588 F.3d 420, 432 (7th Cir. 2009) (leave to amend may be denied if the amendment would be futile), and would subject the offending portions of the answer to striking as insufficient and impertinent. FED.R.CIV.P. 12(f) (Court may strike a pleading on its own).

The Court further declines to certify this issue for interlocutory appeal. Title 28 U.S.C. § 1292(b) provides that if I am "of the opinion that such order [not otherwise appealable] involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the

order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." The "question of law" is generally a statutory or constitutional provision, regulation, or common law doctrine – "something that the court of appeals could decide quickly and cleanly without having to study the record." *Ahrenholz v. Board of Trustee of University*, 219 F.3d 674, 675-6 (7th Cir. 2000).

The "controlling question of law" that Cummins identifies is "whether a claim that alleges a product is identical to *two* separate technologies is different in scope from a claim that alleges a product is identical to only *one* of those two technologies." (Doc. 215, p. 11).[2] This "question" is not the type of question that can be subject of an interlocutory appeal and is rather confusing. This "question" is neither a question of law, it is not controlling, it is not contestable, and resolution will not speed up this litigation. Cummins brief argument does not explain how its question raises a question of law. A plain reading indicates that Cummins is raising a question of fact, at most. Second, the question is not controlling. At most, this question, as written, involves one Count in a four Count Fifth Amended Complaint and is not controlling of this entire litigation. Third, the answer is not contestable – of course the scope of Count III would be different based on whether TAS was including both or either of the two subject technologies, Temp-A-Start and

---

[2] A brief explanation of Cummins' point is necessary. This Court vacated an Order which struck Counts III and IV of the Fourth Amended Complaint and allowed TAS leave to re-plead Count III (Doc. 203). In the Fifth Amended Complaint, TAS re-pled Count III to assert a claim only with respect to its Temp-A-Stop technology. Cummins argues that because, by the Court's construction, Count III does not include a claim with respect to the Temp-A-Start technology, it alleges a new theory of recovery which entitled Cummins to assert any defense or counter-claim regardless of previous orders disallowing such defenses or counter-claims.

Temp-A-Stop. In any event, the scope of Count III presumably has been the same from the inception of this litigation, the only difference has been this Court's interpretation of the scope of that Count. Fourth, resolution would not speed up this litigation at all, it would only function to protract.

The Court suspects that what Cummins really wants is to appeal the issue of whether its patent-based defenses and counter-claims are subject to the doctrine of res judicata in this lawsuit, just as they are in TAS III. Such a question also is not a proper basis for an interlocutory appeal. The Court of Appeals would necessarily have to review not only the record in this case but also in TAS I. It is not the type of "pure" question of law to which the statute speaks. Moreover, resolution would not speed up this litigation. Indeed, as stated in this Court's previous Order, such claims would bog this case down and unnecessarily complicate matters.

In order to move these proceedings along, Cummins is GRANTED leave to file its Fifth Answer and counterclaims within seven (7) days of the date of this Order. NO EXTENSIONS WILL BE GRANTED.

Entered this 9th day of April, 2010

                                                    s/ Joe B. McDade
                                            JOE BILLY MCDADE
                                Senior United States District Judge