UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| TAS DISTRIBUTING COMPANY, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CUMMINS, INC., ) <br> ) <br> Defendant. ) | Case No. 07-cv-1141 |

# **O P I N I O N and O R D E R**

Before the Court is the Motion for Clarification (Doc. 279) filed by Defendant, Cummins Inc., on December 29, 2010.[1]  The Motion is GRANTED.

### INTRODUCTION

In May 5, 2010 (Doc. 253) and May 19, 2010 (Doc. 254) Orders, this Court considered Plaintiff's claims (in Counts I and III) that Defendant breached the parties' License Agreement by failing to pay royalties on the sale of Original ECM Products.  In Count I, Plaintiff alleges that it is owed a royalty on the sale of engines equipped with TAS technology in the forms of ICON and the ISF Plus System.  Plaintiff alternatively argues in Count III that, assuming that the ISF Plus System does not contain TAS technology, it directly competes with TAS technology and Cummins therefore violated a "reasonable efforts" clause in the License Agreement.

---

[1] To the extent that Cummins may be seeking reconsideration of this Court's prior ruling, the Motion is DENIED.

1

This Court found that the claim in Count I, that related to whether Cummins owed royalties on Original ECM Products in the form of ICON, was barred by *res judicata*. First, "Original ECM Product" was defined as every engine that contained an ECM that contained ICON programming. The practical effect of this ruling was that, pursuant to the License Agreement, Cummins would have owed TAS a royalty on each ISX and ISM engine that contained the CM 570 ECM. Second, this Court found that any such claim was barred by *res judicata* because TAS knew or should have known about this claim during the pendency of TAS I. The Court pointed out that during TAS I, there was deposition testimony and other evidence that should have made TAS aware that its technology was still housed in the ECM of engines produced by Cummins. The Court stated that "[b]ecause TAS was aware in TAS I that its technology was located in Cummins' engines, it should have and could have sought royalties at that time." (Doc. 253, at p. 26).

In Count I and the alternative Count III, TAS also made the claim that the development and use of Cummins' ISF Plus System violated the License Agreement. TAS alleged that the ISF Plus System either contained TAS technology, sales of which Cummins would therefore owe a royalty on, or that the ISF Plus System did not contain TAS technology and was instead a competing technology, which would violate the "reasonable efforts" clause of the License Agreement. Of particular relevance to TAS' claim was evidence that the ISF Plus System had an accessory shutdown feature that was also a key feature of its Temp-A-Stop technology. This Court found that these claims were also barred by *res*

2

*judicata* because TAS should have known in TAS I that Cummins' ISF Plus System contained an accessory shutdown feature. Of particular relevance to the present motion, this Court also stated that:

> Finally, Cummins argues that *res judicata* bars TAS from seeking damages on engines sold after the conclusion of TAS I. *Res Judicata* "bars further claims by parties or their privies based on the same cause of action." *Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 593 (7th Cir. 1986) (quotation marks and citations omitted). The doctrine bars TAS from bringing the current suit, and any future suit related to matters that could have been raised in TAS I. TAS had one bite at the apple and failed to take it. It cannot now seek damages that it should have sought in TAS I under some sort of continuing violation theory. Such actions would turn *res judicata* on its head and make the doctrine meaningless. TAS is simply barred from asserting any claim, now and in the future, with respect to Cummins' ISF Plus system vis-à-vis the contracts at issue.

(Doc. 254, at pp. 20-21).

TAS argued in a Motion for Clarification and Reconsideration (Doc. 255) that this Court erred in finding that it is barred from filing suit, in the future, regarding the claims made in Counts I and III and that it should be able to recover damages on Counts I and III after the date of judgment in TAS I. That is, TAS asserts that it should not be prevented from pursuing a claim for breach of contract, on the same grounds that are barred by *res judicata*, for breaches that occurred after entry of judgment in TAS I. This Court agreed with TAS by the Order dated December 17, 2010 (Doc. 273). In particular, the Court stated:

> Any judgment that would have been rendered in TAS I necessarily would only apply to actions by Cummins prior to judgment in that case. Judgment in TAS I was rendered on January 24, 2005 (and amended judgment relating to costs was entered on March 17, 2005). Prior to that date, TAS could not have sought damages for breach of contract based on conduct that may occur in the future.

3

> The doctrine of *res judicata* does not extend that far: Cummins' future conduct could not have been decided in TAS I. Therefore, TAS is able to file a new suit after any such breach occurred – presumably after each month that Cummins (allegedly) failed to pay royalties due and owing pursuant to the contracts. *See* RESTATEMENT (SECOND) JUDGMENT § 26(1)(e), and comment g. To hold any differently would be fundamentally unfair and unjust: it would grant Cummins the judicially sanctioned ability to breach the contracts, in this respect, at whim. (Doc. 273, p. 4).

In Cummins' Motion, which is in fact a motion to reconsider, it argues that this Court's holding is contrary to Seventh Circuit case authority and not consistent with the Restatement.

## DISCUSSION

The Court takes this opportunity to clarify its holdings.

### I. Count I

As noted above, TAS claims in Count I that Cummins has included TAS technology in its ISX and ISM engines. Based on TAS' arguments at summary judgment, this technology is in the form of ICON and Cummins' ISF Plus System. This Court has determined that the CM 570 ECM, located in Cummins' ISX and ISM engines, contains TAS technology in the form of ICON programming and that Cummins owes TAS a royalty on each such engine sold. This Court also has determined that this claim is barred by *res judicata*. The Court has not determined whether Cummins' ISF Plus System also is based on TAS technology. In the May 5, 2010 Order, this Court did not specifically address whether TAS was entitled to damages post January 24, 2005, the judgment date in TAS I. As such, the Court holds the following:

4

The Restatement (Second) of Judgments seems to be the prevailing rule under Illinois law. *See Rein v. David A. Noyes & Co.*, 665 N.E.2d 1199 (Ill. 1996); *See also Hudson v. City of Chicago*, 889 N.E.2d 210 (Ill. 2008). The Restatement[2] provides:

> When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar, the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. *Id.* at §24(1).

The Restatement lists an exception to this rule in a situation where:

> For reasons of substantive policy in a case involving a continuing or recurrent wrong, the plaintiff is given an option to sue once for the total harm, both past and prospective, or to sue from time to time for the damages incurred to the date of suit, and chooses the latter course. *Id.* at § 26(1)(e).

Comment g to this section further states that "a judgment in an action for breach of contract does not normally preclude the plaintiff from thereafter maintaining an action for breaches of the same contract that consist of failure to render performance due after commencement of the first action." *Id.* Thus, the Restatement outlines the *res judicata* rule and provides for an exception for wrongs that are on-going, like, for example, when there are multiple breaches of an on-going contract. In keeping with the Restatement, the Illinois Court of Appeals noted the general proposition that "[t]he doctrine of *res judicata* does not bar claims for continuing conduct complained of in the second lawsuit that occur after judgment has been entered in the first lawsuit." *D'Last Corp. v. Ugent*, 681 N.E.2d

---

[2] As noted in previous Orders, r*es judicata* would prevent litigation on "any matter which might have been raised in [a prior] suit to defeat or sustain the claim or demand." *Rein*, 665 N.E.2d at 1205.

5

12, 17 (Ill App. Ct. 1997); *See also Lawlor v. National Screen Service Corp.*, 349 U.S. 322 (1955); *Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589 (7th Cir. 1986); *Torres v. Rebarchak*, 814 F.2d 1219 (7th Cir. 1987).

The contracts at issue in this case provide for the payment of royalties ad infinitum as long as Cummins continues to produce an Original ECM Product. As indicated in this Court's previous Order, TAS could not predict, at the time of the judgment in TAS I, that Cummins would continue to produce royalty-triggering engines (engines containing ICON programming). Of course, TAS could have sought some sort of equitable relief in TAS I that would cover such a scenario, but there is no case authority that suggests that it was required to seek such a remedy. And, if TAS were to have sought damages for future events, such claims may have been deemed speculative. *See Mt. Hope Cemetery Ass'n v. Weidenman*, 28 N.E. 834 (Ill. 1891); *Lewis v. Loyola University of Chicago*, 500 N.E.2d 47, 51-52 (Ill. App. Ct. 1986). So long as the contracts remain in effect, TAS may sue Cummins for breaches of those contracts. The only thing that TAS is prevented from doing is seeking damages for breaches that occurred prior to January 24, 2005 under the theories advanced in Count I of this case related to Cummins inclusion of TAS technology in its engines.

The cases cited by Cummins do not warrant a different conclusion. In *Gasbarra v. Park-Ohio Industries*, 655 F.2d 119 (7th Cir. 1981), the Seventh Circuit held that although an individual item of damages may not yet have accrued pursuant to a breach of an employment contract, the question of defendant's

liability was ripe for determination at the filing of plaintiff's first cause of action, and should have been raised then. The court held that the question as to liability could have been resolved either by declaratory or injunctive relief during the first lawsuit, and therefore was subsequently barred. However, this holding was based upon a finding that "both sets of claims arose from the employment relationship between the parties, and from the defendant's letter of March 6, 1972, terminating the plaintiff's employment and all rights thereunder." 655 F.2d at 121. Accordingly, in that case, there was no subsequent breach following the original cause of action: all of the relevant factual events had taken place.

The same conclusion can be made of *Roboserve, Inc. v. Kato Kagaku Co., Ltd.*, 121 F.3d 1027 (7th Cir. 1997). In that case, the Seventh Circuit noted that the facts salient to the second suit already were in existence during the pendency of the first case. Namely:

> Roboserve also could have brought the claims in the second case when, on remand after the first appeal, Kato moved to offset its concession payments against the damages award for wrongful termination. To decide that motion, the district court addressed the payment of revenues from the minibars from January 1994 through September 1996, after the agreement was terminated. In this second case, Roboserve seeks the same type of damages for the same wrong over the same period of time; it just does so under a different legal theory. *Id.* at 1035.

Thus, Roboserve was barred from bringing the claims in the second suit.

In the case at bar, the contracts at issue did not terminate upon the breach. Salient facts related to subsequent breaches had not occurred at the conclusion of TAS I. And, even though facts known in TAS I are relevant to proof of breaches

7

subsequent to TAS I, such breaches were not in existence, and therefore had not accrued, on January 24, 2005. Such breaches are simply not part of the same transaction as the claims that have been barred by *res judicata*.

With respect to Count I, then, the Court has made certain rulings with respect to the construction of the contracts at issue that are now law of the case. Namely, that Cummins' ISX and ISM engines that contain the CM 570 ECM (which contains ICON programming) are Original ECM Products upon which Cummins owes TAS a royalty. The Court has not made a determination as to whether the ISF Plus system also contains TAS technology. The Court is mindful that Cummins has argued that certain defenses may exist, including those discussed in TAS III. The ruling in TAS III is currently on appeal and the matters contained therein will not be considered by the Court in this case. A hearing on how this claim should proceed will be necessary.

## II. Count II:

The matters in this Count already have been determined as per this Court's January 10, 2011 Order. At the conclusion of this matter, judgment will be entered in favor of TAS and against Cummins on Count II.

## III. Count III:

As noted above, in Count III, TAS alleges that Cummins breached the "reasonable efforts" clause of the License Agreement by substituting its own ISF

Plus System for TAS' Temp-A-Stop System. The Court found that this claim was barred by *res judicata*. For the reasons set forth above, Plaintiff may pursue this claim for breaches that allegedly occurred after January 24, 2005.

Count III has been the focus of past successful summary judgment motions by Cummins. *See* Orders of May 31, 2009 (Doc. 145) and May 19, 2010 (Doc. 254). The May 19, 2010 Order awarded judgment to Cummins on the basis of *res judicata*. However, the legal effect of section 6(f) of the License Agreement, the reasonable efforts clause, was discussed by reference to the earlier Order of March 31, 2009 awarding summary judgment to Cummins on the grounds that Cummins' development and and/or sale of its ISF Plus System, an arguably competing product, did not violate the clause and, in any event, TAS would not be able to prove damages, one of the essential elements of its claim. Of course, that March 31, 2009 Order was vacated, so this finding is not law of the case. Count III is back again before the Court and appropriate for summary judgment disposition on the issue of whether or not Cummins' ISF Plus System violates section 6(f) of the License Agreement. Re-briefing on this matter, however, is not required. The parties have fully addressed the merits of this Count in the latest motion for summary judgment on Count III (Doc. 219) and related briefs. The Court will consider the arguments made therein and issue a separate ruling on the merits of Count III.

**IV. Count V:**[3]

This accounting claim has not been the subject of a dispositive motion and remains pending.

## Conclusion

This matter is set for an in-person hearing on **October 17, 2011 at 10:00 a.m.** in Courtroom D of the United States Courthouse in Peoria, Illinois. The parties should be prepared to discuss a briefing schedule on any issues that remain with respect to Count I. In particular, TAS should be prepared to discuss whether it will be pursuing its claim that the ISF Plus system contains TAS technology. In this respect, the Court is mindful that discovery in this matter is closed and will not be re-opened absent exceptional circumstances. Cummins should also be prepared to discuss production of relevant sales data from January 24, 2005, if it already has not been produced. The parties should also be prepared to discuss the manner in which Count V can be resolved.

Entered this <u>1st</u> day of September, 2011

                                                    s/ Joe B. McDade
                                                    JOE BILLY MCDADE
                                      United States Senior District Judge

---

[3] There is no Count IV in the Fifth Amended Complaint.