UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| TAS DISTRIBUTING COMPANY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-cv-1141 |
| ) | |
| CUMMINS, INC., ) | |
| ) | |
| Defendant. ) | |

## O P I N I O N and O R D E R

This matter is before the Court on the Motion for Clarification of May 5, 2010 Order (Doc. 290), Motion for Reconsideration of the Court's April 9, 2010 Order Regarding Cummins' Affirmative Defenses (Doc. 292), and Motion for Certification of Question for Interlocutory Appeal and Motion to Stay Pending Appeal (Doc. 294), all filed by Defendant, Cummins, Inc., on October 13, 2011. For the reasons set forth below, these three Motions are DENIED.

**MOTION FOR CLARIFICATION OF MAY 5, 2010 ORDER**

In this Motion for Clarification, Cummins asks this Court to "clarify"—i.e., reconsider—a portion of its May 5, 2010 Order. In that Order, the Court concluded that the contracts between TAS and Cummins "only require that TAS technology is contained in a product in order to trigger the royalty clause—whether it is accessible, enableable, or usable is irrelevant." (Doc. 253 at 18). This conclusion was not the simple adoption of one party's interpretation of the contracts, but was instead a product of the Court's own reading of the contracts at issue. However,

1

Cummins' was the ultimate victor in the May 5, 2010 Order, as the Court concluded that TAS' claim was barred on *res judicata* grounds. But the victory was short lived: in its December 17, 2010 Order, this Court reconsidered the *res judicata* issue and determined that "TAS may pursue a breach of contract claim, based on the same theory as is contained in Counts I and III, for actions post-dating judgment in TAS I." (Doc. 273 at 4).

Cummins then filed a motion to reconsider (which it erroneously titled a "Motion for Clarification") in which it argued that the Court's first Order on *res judicata* was correct, and that TAS should therefore be barred from pursuing Counts I and III. (Doc. 279). The Court rejected Cummins' arguments. (Doc. 287 at 6, 9). With the *res judicata* shield gone, Cummins now faces the full brunt of the May 5, 2010 Order, in which the Court "made certain rulings with respect to the construction of the contracts at issue that are now the law of the case. Namely, that Cummins' ISX and ISM engines that contain the CM 570 ECM (which contains ICON programming) are Original ECM Products upon which Cummins owes TAS a royalty." (Doc. 287 at 8). Cummins hopes to avoid this holding by urging the Court to reconsider its interpretation of the contracts, asserting that such an interpretation (1) conflicts with language in the Court's March 31, 2009 Order, and (2) is contrary to the parties' intent, as evidenced by the fact that the Court adopted an interpretation of the contract that differed from that argued by Cummins or TAS. (Doc. 290).

As to Cummins' first assertion, the Court directs Cummins to the footnote on page two of the May 5, 2010 Order, where the Court stated the following: "To the extent that this Order changes any findings in the March 31, 2009 Order (Doc. 146), those findings are hereby reconsidered and modified or vacated so as to be consistent with the rulings and findings made herein." (Doc. 253 at 2 n. 2). This should be all the "clarification" Cummins needs on this issue.

As to the second assertion, the Court reiterates that "[t]he parties' mere disagreement . . . does not render a contract ambiguous." *Id.* at 15. The Court found that the contracts are not ambiguous. *Id.* "If no ambiguity exists in the writing, the parties' intent must be derived by the . . . court, as a matter of law, *solely from the writing itself*." *Quake Const., Inc. v. American Airlines, Inc.*, 565 N.E.2d 990, 994 (Ill. 1990) (emphasis added). Illinois case law makes clear that "[i]f contract language is unambiguous, the intention of the parties must be ascertained by the language used, not by constructions urged by the parties." *Nebel, Inc. v. Mid-City Nat. Bank of Chicago*, 769 N.E.2d 45, 50 (Ill. App. Ct. 2002). *See also Hedlund and Hanley, LLC v. Board of Trustees of Community College District No. 508*, 876 N.E.2d 1, 8 (Ill. App. Ct. 2007); *MXL Industries, Inc. v. Mulder*, 623 N.E.2d 369, 377-78 (Ill. App. Ct. 1993). That the Court came to a conclusion different from that urged by the parties during this litigation does not mean, as Cummins suggests, that the Court erred.

Because the Court finds neither ground urged by Cummins to persuasive, the Motion for Clarification must be denied.

3

### MOTION FOR RECONSIDERATION OF THE COURT'S APRIL 9, 2010 ORDER REGARDING CUMMINS' AFFIRMATIVE DEFENSES

In this Motion, Cummins asks the Court to reconsider its April 9, 2010 Order, in which the Court declined "to grant Cummins leave to include its patent-based defenses and counter-claims in any future answer" on the grounds that "[s]uch claims are clearly barred by res judicata: the claims should have and could have been brought in TAS I." (Doc. 251 at 5). The gist of Cummins' argument is that "[i]f [Cummins'] alleged breaches occurring after January 24, 2005 do not constitute part of the same transaction as *TAS I*, then necessarily neither do the Patent-Based Defenses to those alleged breaches." (Doc. 292 at 2, ¶ 2). In other words, Cummins maintains that if TAS is not barred by *res judicata* from recovering for post-*TAS I* breaches, Cummins should be allowed to defend against those breaches with defenses that the Court previously found to be barred by *res judicata*.[1]

But there is an important distinction between TAS' claims and Cummins' defenses. TAS could not have sued Cummins for Cummins' alleged post-*TAS I* breaches of contract prior to January 24, 2005 because those breaches had not yet occurred. Cummins, on the other hand, could have argued in *TAS I* that the relevant patents were invalid and that TAS knew they were invalid. The alleged

---

[1] Although the Court will address the merits of this Motion for Reconsideration for the sake of clarity (and hopefully finality), the Court notes that the parties were informed that the "[t]he ruling in TAS III is currently on appeal and the matters contained therein *will not be considered by the Court in this case.*" (Doc. 287 at 8). Although Cummins asks the Court to reconsider its April 9, 2010 Order, that order adopted by reference the Court's November 30, 2009 Order in *TAS III* as to the applicability of *res judicata* to Cummins' patent-based defenses, so Cummins is essentially asking the Court to reconsider its ruling in *TAS III*.

4

breaches in the present case would be "new" (post-*TAS I*) breaches; the patents are the same patents that existed during *TAS I*. This difference is material.

In *TAS III*, this Court applied Illinois' "transactional test" in determining that *res judicata* barred Cummins' patent-based defenses. The Court noted:

> The validity of the contracts was, though implicitly, an operative fact in TAS I. Cummins certainly could have contested, as either a defense or a counterclaim, the validity of the contracts and the patents it asserts underlie the contracts in TAS I, and if successful, Cummins' claims would have defeated TAS' suit in TAS I. . . . These factual assertions are certainly related in time, space, origin, and motivation to the breach of contract at issue in TAS I; they would have formed a convenient trial unit with TAS I's factual issues; and a decision on the validity of the underlying contract would have conformed to standard expectations in a breach of contract dispute.

*Cummins, Inc. v. TAS Distributing Company, Inc.*, 676 F. Supp. 2d 701, 708 (C.D. Ill. 2009). The Court went on to find that "[t]he patent-invalidity claims are, in this case, part of the group of facts needed to prove the contract claims and are thus the same cause of action as *TAS I*." *Id.* at 710. That TAS is allowed to pursue damages for post-*TAS I* breaches does nothing to disrupt this reasoning. As this Court noted in its December 17, 2010 Order, prior to January 24, 2005, "TAS could not have sought damages for breach of contract based on conduct that may occur in the future. The doctrine of *res judicata* does not extend that far: Cummins' future conduct could not have been decided in TAS I." (Doc. 273 at 4). However, the validity or invalidity of the contract (based on Cummins' patent-invalidity claims) *was*—and still *is*, even after this Court's December 17, 2010 Order—an "operative fact" in *TAS I*. By failing to raise them in *TAS I*, Cummins' patent-invalidity claims are (still) barred by *res judicata*.

5

**MOTION FOR CERTIFICATION OF QUESTION FOR INTERLOCUTORY APPEAL AND MOTION TO STAY PENDING APPEAL**

Cummins requests that the Court certify the September 1, 2011 Order for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Cummins maintains that an interlocutory appeal would be appropriate, as that order "involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the termination of the litigation . . . ." 28 U.S.C. § 1292(b). The "controlling question of law" to which Cummins points is "whether res judicata bars a claim for 'continuing breaches' that have continued after a prior suit, but where liability for that breach was ripe for adjudication in the prior suit." (Doc. 295 at 3). Cummins states that "this is an 'abstract legal issue' that the appellate court 'could decide quickly and cleanly without having to study the record.'" *Id.* (quoting *Ahrenholz v. Board of Trustees of Univ. of Illinois*, 219 F.3d 674, 677 (7th Cir. 2000)).

Section 1292(b), read literally, requires the district court judge to state, *in the order to be appealed*, that the order involves a controlling question of law and that an interlocutory appeal might materially advance the termination of the litigation. 28 U.S.C. § 1292(b). However, the Seventh Circuit has noted that "it is commonplace for the district judge to be asked to certify an order for an immediate appeal under section 1292(b) after—and not necessarily immediately after—he has issued the order." *Weir, v. Propst*, 915 F.2d 283, 286 (7th Cir. 1990). Furthermore, "it is commonplace for him to agree to do so," and without any objection by the Court of Appeals. *Id.* But the Seventh Circuit has not tolerated "gratuitous and

6

protracted" delays. *Id. See also Richardson Electronics, Ltd. v. Panache Broadcasting of Pa*, 202 F.3d 957, 958 (7th Cir. 2000) (noting that "a district judge should not grant an excusably dilatory request" under § 1292(b)). Although the Seventh Circuit has not established a precise formula, it has made clear that "the petition must be filed within a *reasonable time* after the order sought to be appealed." *Ahrenholz*, 219 F.3d at 675 (emphasis in original). If the petition is not filed within a reasonable time, "the district court may not and should not certify its order to . . . [the Court of Appeals] for an immediate appeal under section 1292(b)." *Id.* at 676.

Although Cummins asks the Court to certify its September 1, 2011 Order, the "controlling question of law" was actually announced in this Court's December 17, 2010 Order, where the Court reconsidered the *res judicata* issue and determined that "TAS may pursue a breach of contract claim, based on the same theory as is contained in Counts I and III, for actions post-dating judgment in TAS I." (Doc. 273 at 4). In *Weir*, the Seventh Circuit warned that "the time limits in section 1292(b) may not be circumvented by the facile device of asking for reconsideration of the order sought to be appealed under that section." *Weir*, 915 F.2d at 286. Appealing this Court's Order on Cummins' Motion for Clarification instead of the Court's December 17, 2010 Order (the order which announced the legal determination that Cummins seeks to appeal) is a similarly unacceptable attempt at circumvention. As such, Cummins' Motion comes nearly ten months after this Court ruled on the

7

question of law at issue. In the Court's opinion, Cummins has therefore failed to file its Motion "within a reasonable time" after the December 17, 2010 Order.[2]

## CONCLUSION

For the foregoing reasons, the Motion for Clarification of May 5, 2010 Order (Doc. 290), Motion for Reconsideration of the Court's April 9, 2010 Order Regarding Cummins' Affirmative Defenses (Doc. 292), and Motion for Certification of Question for Interlocutory Appeal and Motion to Stay Pending Appeal (Doc. 294), filed by Defendant, Cummins, Inc., on October 13, 2011 are DENIED.

IT IS SO ORDERED.

Entered this 1st day of November, 2011.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge

---

[2] Even if the measuring date were September 1, this Court would still find that the Motion was not filed "within a reasonable time." *See, e.g.*, *Fabricant v. Sears Roebuck & Co.*, No. 98-1281-CIV-NESBITT, 2001 WL 883303 (S.D. Fla. Jan. 29, 2001) (finding the defendant's motion for certification of an order for interlocutory appeal untimely when filed approximately one and a half months after the order was entered); *Morton College Board of Trustees of Illinois Community College District no. 527 v. Town of Cicero*, 25 F. Supp. 2d 882 (N.D. Ill. 1998) (denying as untimely a request for interlocutory appeal filed thirty days after the order to be appealed was entered).