## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| TAS DISTRIBUTING COMPANY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-cv-1141 |
| ) | |
| CUMMINS, INC., ) | |
| ) | |
| Defendant. ) | |

## O R D E R  &  O P I N I O N

This matter is before the Court on Defendant Cummins' Renewed Motion for Summary Judgment as to Counts I and III of the Fifth Amended Complaint (Doc. 305), filed on November 22, 2011, and Plaintiff TAS' Motion to Strike (Doc. 306), filed November 28, 2011. Both motions have been fully briefed. For the following reasons, both motions are denied.

### BACKGROUND

Many prior orders in this case have laid out the background of the parties, claims, and facts involved in this litigation; familiarity with the case and the facts is presumed. On December 22, 2011, this case was stayed pending the decision on appeal of an order in a related case, *Cummins, Inc. v. TAS Distributing Co. (TAS III)*, No. 09-cv-1096 (C.D. Ill. 2009). (*See* Doc. 313). The Court of Appeals for the Federal Circuit affirmed this Court's order in the related case, in a decision dated December 5, 2012. *Cummins, Inc. v. TAS Distributing Co.*, 700 F.3d 1329 (Fed. Cir.

2012). As a result, Defendant Cummins' potential patent-related defenses and counterclaims are foreclosed, and this case will proceed without them.

The Motions before the Court deal with the two claims related to Cummins' ISF Plus System[1]: Count III, and the portion of Count I asserting that ISF Plus contained TAS technology and is subject to royalties (hereinafter "Count I–ISF Plus"). Because the analysis of these counts and the arguments related to them in the pending motions differ, they will be analyzed separately.

### DISCUSSION

*Count III*

In its October 28, 2011, Order (Doc. 300), this Court denied Cummins' Motion for Summary Judgment as to Count III of the Fifth Amended Complaint.[2] The Court held that a reasonable jury could find that Cummins' use of its ISF Plus System to the exclusion of the Temp-A-Stop product constitutes a breach of the "all reasonable efforts" clause of the License Agreement. (Doc. 300 at 16). In coming to this conclusion, the Court determined that the question of whether Cummins made all reasonable efforts to market and sell TAS' royalty-generating products was a question for the jury. (Doc. 300 at 16).

In its discussion, the Court also provided an extraneous analysis of a different fact pattern—that is, how the Court would have considered the issue had

---

[1] This is the term used by the Court as shorthand for Cummins' idle shutdown feature contained within the Electronic Control Module (ECM) of an engine that has the capability to shut down some vehicle accessories in addition to the engine, through a relay activated by a signal from the ECM. (*See* Doc. 146 at 9).

[2] Count III is explicitly an alternative to Count I-ISF Plus, and assumes ISF Plus is not subject to royalties because it does not contain any TAS technology. (*See* Fifth Am. Compl., Doc. 205 at ¶ 66).

2

the ISF Plus System been implemented before Cummins had signed the License Agreement with TAS. If Cummins had already been using ISF Plus in its engines at the time the contract was signed, the replacement of ISF Plus with Temp-A-Stop would be a "drastic measure"—something that, the Court believes, any reasonable party would have "included in the express terms of the contract." (Doc. 300 at 13). Nowhere in this analysis was the date on which the License Agreement became *effective*—or non-contingent—at issue. Nor was the Court concerned about the date on which the royalty obligations began. What mattered to the Court was when the Agreement was *signed*. Because ISF Plus had not been implemented when the Agreement was signed, the Court determined that it could not hold that Cummins was entitled, as a matter of law, to use ISF Plus to the exclusion of Temp-A-Stop despite Section 6(f)'s "all reasonable efforts" clause.

It is this section of the Order on which Cummins focuses its arguments. In Defendant's "Renewed Motion for Summary Judgment," Cummins argues that because most of the terms of the License Agreement were not in effect until sometime in 1998, and ISF Plus was first part of an engine delivered to an OEM as early as July 1997, the Court's counterfactual analysis should be expanded and judgment on Count III should be awarded in Cummins' favor. (*See* Doc. 305 at 1-2). Even if, as Cummins argues, the Court provided a new ground upon which Cummins would be entitled to judgment, Cummins does not demonstrate that it comes within this ground, but rather argues that the reasoning should be modified. As a result, TAS is correct that Cummins' Renewed Motion for Summary Judgment is more accurately a motion for reconsideration.

3

TAS argues, in its Motion to Strike, that Cummins' Motion should be stricken, as a "cumulative and untimely effort to re-litigate issues that have already been decided." (Doc. 306 at 1). The Court does not find striking Cummins' Motion to be the appropriate action. However, Cummins' Renewed Motion for Summary Judgment with respect to Count III is deemed a motion for reconsideration, and is analyzed accordingly.

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.,* 561 F. Supp. 656, 665 (N.D. Ill. 1982), *aff'd,* 736 F.2d 388 (7th Cir. 1984)). As Cummins notes, a motion for reconsideration is also appropriate where "the Court has patently misunderstood a party . . . or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (internal quotation marks omitted).

Cummins has not shown any of these grounds to exist. The Court's understanding of the facts in the prior Order was not mistaken. The License Agreement was signed by both parties on February 22, 1997, before the ISF Plus System was implemented by Cummins. Cummins argues the Court made an error of apprehension regarding the date the License Agreement became effective. (Doc. 307 at 1). Cummins is wrong: the Court did not misapprehend the date the License Agreement became effective; it did not even address the issue, because it was not relevant to the analysis. Defendant Cummins points to nothing that changes the

analysis of Count III in the Court's prior Order. It simply argues that the relevant point should be the date the License Agreement went into effect, not the date it was signed. It misconstrues the Court's counterfactual analysis, and attempts to twist it to encompass the existing undisputed facts, of which the Court was aware when the previous Order was issued. This issue has been fully considered, and was not even necessary to the Court's prior ruling on Count III. Cummins has not shown a need for reconsideration. Thus, its Motion is denied.

*Count I–ISF Plus*

Though it was over three and a half years ago, and the Order perhaps did not explain this conclusion in great detail, the Court has also already ruled on a motion for summary judgment by Cummins that argued TAS did not have sufficient evidence to maintain Count I with respect to Cummins' ISF Plus System. Cummins first made the argument that ISF Plus was created without the use of TAS technology, and before any agreement with TAS was entered into, in a prior summary judgment motion. (Doc. 54 at 20-30). TAS responded, pointing to numerous factual disputes. (Doc. 80 at 11-28). In an Order dated March 31, 2009, which may seem like ages ago, and indeed came before several other Orders that would come to shape the case as it stands today, the Court held: "It is clear from the parties' voluminous briefs and mounds of evidence (in addition to ongoing discovery disputes) that there exist questions of fact that precludes summary judgment on Count I." (Doc. 146 at 15). Though discovery has now long been over, that statement otherwise remains true. Because the Court has already ruled on a motion for

5

summary judgment on this ground, Cummins' current motion will be treated as a motion for reconsideration with respect to this claim, as well.

In the previous Order on this motion, the Court did focus heavily on explaining the rejection of the judicial estoppel argument advanced by TAS, and some of the language was more geared toward the ICON portion of Count I. However, the issue was fully, even abundantly, briefed, and the arguments and evidence submitted by the parties at that time were considered by the Court in reaching its ruling. Though TAS has failed to re-raise much of the evidence it submitted to the Court in the previous round of briefing, it has previously demonstrated to the Court the existence of genuine disputes of material fact. The Court stands by its conclusion that TAS has raised issues of fact that are appropriate for resolution at trial and preclude summary judgment on this claim. For example, as TAS emphasizes, there are credibility issues concerning Cummins' prior contradictory statements, and TAS has put forth evidence that various suggestions and information TAS shared with Cummins regarding implementation of accessory shutdown were later used to make ISF Plus functional. Having viewed all the evidence in the light most favorable to TAS and drawing reasonable inferences in its favor, the Court found that a reasonable jury could find Cummins' ISF Plus System could be considered an Original ECM Product under the contract, and that Cummins could owe royalties as a result.

Cummins has demonstrated no basis for reconsideration of this prior Order. Though Cummins points to some new factual information—for example, focusing heavily on the fact that apparently at least one engine was produced in 1996 that

had ISF Plus code within the ECM—there is nothing new to indicate that TAS' evidence is insufficient to maintain its claim. Cummins has shown they have marginally more evidence to combat TAS' claim, but not that the other factual disputes and credibility issues no longer exist.

Thus, TAS' claim that the ISF Plus System,[3] which operates to shut down vehicle accessories in addition to the engine when an engine idles for a specified period of time, is an Original ECM Product as defined in the Master Agreement and that they are therefore entitled to royalties on engines sold by Cummins that include this system, is left for resolution at trial. There are genuine issues of material fact that must be resolved by the jury.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Renewed Motion for Summary Judgment (Doc. 305) is DENIED and Plaintiff's Motion to Strike (Doc. 306) is DENIED.

Entered this 18th day of January, 2013.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge

---

[3] The Court acknowledges that the term ISF Plus, though valuable for simplifying the claims at hand, may do a disservice when the complexities and nuances of the feature are important. At trial, the parties may wish to describe the accessory shutdown features at issue in this case in a different manner.